UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 25-213 (DSD/DJF)

Michael Fiorito, on behalf of
himself and all others
similarly situated,

        Plaintiff,

v.                                    **ORDER**

Metropolitan Council; Delta
Airlines; and Sun Country
Airlines,

        Defendants.

On January 21, 2025, the court ordered plaintiff Michael Fiorito to show cause why sanctions should not be imposed on him pursuant to Rule 11 of the Federal Rules of Civil Procedure. See ECF No. 7. In that Order, Fiorito was directed specifically to show cause why the complaint in this matter did not violate Rule 11(b) in the following two respects:

> (1) On page 22 of his complaint, Fiorito certified "to the best of [his] knowledge, information, and belief," that "[n]o judicial officer has said I am a frivolous litigant." See ECF No. 1-1 at 22. This is a demonstrably false statement. See Fiorito v. Anderson, No. 23-CV-1125 (KMM/LIB), 2023 WL 5155141, at *3 (D. Minn. Aug. 10, 2023) ("Mr. Fiorito consistently avers his state-court pleadings that '[n]o judicial officer has said I am a frivolous litigant.' He is now on notice that he may no longer truthfully offer that statement. This lawsuit is frivolous, and Mr. Fiorito is a frivolous litigant.").

1

>    (2) This action is substantively identical to another action filed by Fiorito against the same defendants in this district at approximately the same time that this action was served on the defendants. The filing of duplicative litigation, absent an adequate good-faith explanation, may properly serve as a basis for the imposition of sanctions under Rule 11(b). There is no obvious reason that Fiorito should have pursued the same claims, seeking the same relief, against the same defendants, and at the same time, once in state court and once in federal court.

ECF No. 7 (footnote and some citations removed).

Fiorito responded to the order to show cause on February 6, 2025.[1]  See ECF No. 11.  Fiorito's response focuses largely on the question of whether limited filing restrictions previously imposed upon him by Judge Katherine M. Menendez apply to this case.  See id.  But that question is irrelevant to the show-cause order; Fiorito was not asked whether he is subject to filing restrictions in this matter, and the court has assumed that Judge Menendez's filing restrictions do not apply to this case.  Most of Fiorito's response to the order to show cause therefore is immaterial.

With respect to the specific questions presented by the court, Fiorito offers no explanation whatsoever regarding why his

---

[1] It is not entirely clear whether Fiorito was responding to the court's order to show cause or to an earlier letter filed by defendant Metropolitan Council, ECF No. 5, or to both.  Because the document is the only substantive response filed by Fiorito with respect to the order to show cause, the court has reviewed the arguments in that document assuming that the document was intended to respond, at least in part, to that order.

complaint includes the flatly untrue statement that "[n]o judicial officer has said I am a frivolous litigant." Compl. at 22. This is far from the first instance of dishonest behavior from Fiorito as a litigant in federal court. See, e.g., United States v. Fiorito, No. 07-CR-212 (1) (PJS/JSM), 2015 WL 2341962, at *17 (D. Minn. May 14, 2015) ("[I]f this Court has learned anything about Fiorito, it is that Fiorito will say anything that he believes will help him, regardless of the truth of what he is saying."); Fiorito v. Samuels, No. 16-1064, 2018 WL 11307319, at *5 (C.D. Ill. Apr. 16, 2018) ("Plaintiff's repeated claims concerning his mental health condition are untrue.").

Indeed, Fiorito is plainly dishonest with respect to the second question posed by the court, regarding why Fiorito has commenced two separate proceedings that raise substantively identical claims for relief against the same defendants. According to Fiorito, "this case involves new claims regarding accessibility violations at a public transit station—an issue entirely distinct from any prior litigation." See ECF No. 11 ¶ 12. But the exact same claims, against the exact same defendants, were presented to the court in Case No. 24-cv-4562 (DSD/DLM) (D. Minn. filed Dec. 20, 2024).

By signing his complaint, Fiorito certified that the pleading was "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost

3

of litigation," Fed. R. Civ. P. 11(b)(1), and that the factual contentions in the complaint "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," Fed. R. Civ. P. 11(b)(3).  The court concludes that Fiorito violated Rule 11(b) with respect to his false verification that he had never been labeled as a frivolous litigant by a judicial officer and further concludes that Fiorito's filing of substantively duplicative lawsuits was effected for purposes of harassment or unnecessary duplication of the costs of federal litigation.

The only remaining question is as to the appropriate sanctions to be imposed on Fiorito as a result of these violations of Rule 11(b).  "A district court must limit a sanction imposed under Rule 11 'to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives.'"  In re Sanford Law Firm, 106 F.4th 706, 716 (8th Cir. 2024) (quoting Fed. R. Civ. P. 11(c)(4)). The court does not believe that monetary sanctions would be likely to deter Fiorito from similar misconduct in the future, as it is not clear that Fiorito could afford to pay any more than a de minimis monetary sanction.  Moreover, the imposition of any monetary sanction would only hinder the victims of Fiorito's

4

criminal offense from receiving restitution. See United States v. Fiorito, No. 07-CR-212 (1) (D. Minn).

Nor does the summary dismissal of this matter appear to be an appropriate sanction. The claims raised in Fiorito's complaint are not necessarily frivolous (assuming, as the court must at this stage of the proceedings, that the factual allegations in the complaint are truthful). Moreover, because the other recent lawsuit in which Fiorito presented overlapping claims has already been dismissed, this action is no longer duplicative of other ongoing litigation.

Rather than imposing monetary sanctions or ordering the summary dismissal of this proceeding, the court will impose the following two sanctions:

First, it is well-established that a district court may impose filing restrictions upon a litigant with a history of frivolous, malicious, dishonest, or otherwise vexatious behavior. See In re Tyler, 839 F.2d 1290, 1292-94 (8th Cir. 1988). Due to his prior misbehavior in other litigation, Fiorito is already the subject of two separate limited filing restrictions in this District, including the restriction mentioned above imposed by Judge Menendez. See also Fiorito v. Southwick, No. 22-cv-2128 (PJS/TNL), 2023 WL 2918018, at *5 (D. Minn. Apr. 12, 2023). Those restrictions have proven inadequate to prevent Fiorito from continuing to engage in misconduct as a litigant in federal court.

5

Accordingly, Fiorito will now be made subject to a more general filing restriction: Fiorito may not initiate new litigation in this District unless he is represented by counsel or receives the advance permission of a judicial officer of this District.

Second, Fiorito is an extraordinarily active litigant, and this is not the only occasion on which Fiorito has pursued actions against the same defendants at the same time based on substantively the same factual allegations. Compare Fiorito v. The Prodigal Group LLC, No. 27-CV-24-16347 (Minn. Dist. Ct. filed Oct. 29, 2024) with Fiorito v. The Prodigal Company, No. 24-cv-3757 (PJS/TNL) (D. Minn. filed Sept. 27, 2024). Duplicative litigation is frivolous litigation, see Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (per curiam), and Fiorito will not be permitted to prosecute duplicative litigation going forward. To ensure that Fiorito no longer attempts to prosecute duplicative lawsuits at the same time, Fiorito must submit, on requesting authorization to initiate new litigation, a list of every judicial proceeding he has initiated in state and federal court for the five years preceding the date on which the request for authorization is filed. The reviewing court will then review the list to ensure that none of the actions is duplicative of the matter for which authorization is requested. The list of cases must be signed by Fiorito, and by signing the list, Fiorito will thereby certify that the list is complete and accurate. See Fed. R. Civ. P. 11(a). A failure to fully comply

with this requirement will constitute adequate grounds upon which to deny authorization to proceed.

Finally, the court notes that Fiorito's misstatements of truth extend beyond this case and in fact extend beyond federal court. Judge Menendez expressly declared that Fiorito was a frivolous litigant in August 2023. See Fiorito v. Anderson, 2023 WL 5155141, at *3. Since that time, Fiorito has filed multiple complaints in Minnesota state court averring that "[n]o judicial officer has said I am a frivolous litigant." See Fiorito v. My Credit Union Inc., No. 27-CV-24-18302, Complaint at 13 (Minn. Dist. Ct. Dec. 5, 2024); Fiorito v. Blue, No. 27-CV-24-16857, Complaint at 21 (Minn. Dist. Ct. Nov. 7, 2024); Fiorito v. The Prodigal Group, No. 27-CV-24-16347, Complaint at 24 (Minn. Dist. Ct. Oct. 29, 2024); Fiorito v. Szduarek, Complaint at 6 (Minn. Dist. Ct. Sept. 17, 2024). The court will direct that a copy of this order be sent to the Clerk of Court of the Minnesota Fourth Judicial District, the venue in which each of the above-cited lawsuits was filed by Fiorito. The Minnesota state courts should be made aware that Fiorito has misrepresented himself in his pleadings filed there and take whatever action, if any, it deems appropriate for that misconduct.

The stay previously imposed in this matter is now lifted. Defendants must file an answer or otherwise respond to the complaint within 30 days of the date of this order. Fiorito's

7

motion for a 30-day stay of these proceedings is denied, as he has not demonstrated a need for such a stay, and no action will likely be required of him in this matter for the next 30 days.

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The following filing restrictions are hereby imposed on plaintiff Michael Fiorito: (a) Fiorito may not initiate new litigation in this District unless he is represented by counsel or receives the advance permission of a judicial officer of this district; and (b) upon requesting authorization to proceed, Fiorito must sign and file a document that lists every judicial proceeding initiated by him in state or federal court during the five years preceding the request for authorization failing which his request for authorization will be denied;

2. Fiorito's motion to clarify and declare that prior filing restrictions do not apply [ECF No. 11] is denied as moot;

3. Fiorito's motion for a stay [ECF No. 13] is denied;

4. The stay in this matter is lifted;

5. Defendants must file an answer or otherwise respond to the complaint within 30 days of the date of this order.

6.   The Clerk of Court of this District is directed to send a copy of this Order to the Clerk of Court of the Minnesota Fourth Judicial District.

Dated: February 24, 2025            s/David S. Doty
                                                   David S. Doty, Judge
                                                   United States District Court