UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 25-213 (DSD/DJF)

Michael Fiorito; Dennis
Raines; and joseph Parshall,
individually and on behalf of
all others similarly situated,

          Plaintiffs,

v.                                                    **ORDER**

Metropolitan Council, doing
business as Metro Transit;
Delta Airlines; and Sun
Country Airlines,

          Defendants.


Plaintiff Michael Fiorito has filed an amended complaint in this matter. See ECF No. 31. That amended complaint is now the operative pleading in this matter. See Fed. R. Civ. P. 15(a)(1).

The court has reviewed the amended complaint and concludes that it is frivolous in the following respects:

(1) The amended complaint, like the initial complaint, purports to bring claims on behalf of persons other than Fiorito. No one other than Fiorito has ever signed any document associated with this matter, and there has never been any indication that any person other than Fiorito intends to prosecute this matter. Fiorito is not an attorney, and he cannot litigate claims on behalf of anyone but himself. His attempt to litigate claims on behalf

of plaintiffs Dennis Raines and Joseph Parshall is frivolous.  Any claims purporting to be brought on behalf of those litigants are dismissed without prejudice, and both Raines and Parshall are dismissed without prejudice from this action.  Those litigants may seek relief in a separate action, whether on their own behalf or represented by counsel.

(2)  Fiorito purports to bring claims on behalf of an unspecified class of similarly situated litigants.  As Fiorito has been told many times already, he may not prosecute claims on behalf of a class of litigants.  See, e.g., Fiorito v. Prodigal Company, No. 24-CV-3757 (PJS/TNL), 2024 WL 4711728, at *2 (D. Minn. Nov. 7, 2024).  As with the claims brought purportedly on behalf of Raines and Parshall, all claims purportedly brought on behalf of a class of similarly situated litigants are dismissed from this action as frivolous.

(3)  Fiorito seeks relief pursuant to the Americans with Disabilities Act, the Federal Rehabilitation Act, the Civil Rights Act of 1964, and the Minnesota Human Rights Act from three defendants — the Metropolitan Council, Delta Airlines, and Sun Country Airlines — for alleged failure to maintain elevators or escalators at a Minneapolis public transit station in proper working condition.  Fiorito's asserted justification for including both Delta Airlines and Sun Country Airlines as defendants, in essence, is that persons may access the Minneapolis-St. Paul

2

International Airport by light rail; Delta Airlines and Sun Country Airlines operate at the airport; and therefore the lack of working elevators or escalators at the Minneapolis light rail station impedes the ability of disabled persons to go to the airport. Never does Fiorito plausibly allege, however, that Delta Airlines or Sun Country Airlines have any responsibility under the Americans with Disabilities Act, Minnesota Human Rights Act, or any other law to maintain the public transit station at issue, which is located miles away from the airport and which is neither operated nor controlled by the airlines.

Fiorito's theory of recovery with respect to Delta Airlines and Sun Country Airlines appears is that because travelers may use public transportation to reach the airport, the airlines operating at that airport are responsible for any failure to maintain adequate working conditions at any facility located within the public transportation network.  This is facially absurd — so absurd, in fact, that the court doubts that the claims against the airlines were brought by Fiorito with a good-faith belief that those claims would prove to be meritorious.  Instead, it is overwhelmingly likely that Delta Airlines and Sun Country Airlines have been named by Fiorito to this lawsuit only because those defendants have greater resources than the Metropolitan Council (which operates the light rail station at issue) and because

3

Fiorito hoped those defendants might prefer to pay the costs of a settlement rather than defendant against his frivolous claims.

In any event, district courts are authorized to dismiss claims that are, on their face, frivolous or malicious.  See Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989); Porter v. Fox, 99 F.3d 271, 273 (8th Cir. 1996).  In each of the respects listed above, there is no basis in law or in fact to proceed with his claims for relief.  Accordingly, plaintiffs Raines and Parshall are dismissed from this action without prejudice; all class claims are dismissed without prejudice due to Fiorito's lack of standing to prosecute those claims; and defendants Delta Airlines and Sun Country Airlines are dismissed with prejudice.  The motions to dismiss of defendant Delta Airlines [ECF Nos. 22 & 39] are denied as moot in light of the court's sua sponte dismissal of Delta Airlines from this proceeding on the grounds that the claims against that defendant are frivolous.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Plaintiffs  Dennis  Raines  and  Joseph  Parshall  are dismissed from this action without prejudice;

2.    All claims purported to be brought on behalf of a class of similarly situated individuals are dismissed without prejudice;

3.    Defendants Delta Airlines and Sun Country Airlines are dismissed with prejudice; and

4

5

4.    The motions to dismiss of defendant Delta Airlines [ECF Nos. 22 & 39] are denied as moot.


Dated: April 7, 2025                    David S. Doty
                                        David S. Doty, Judge
                                        United States District Court