UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 25-213(DSD/DJF)

Michael Fiorito,

        Plaintiff,

v.

Metropolitan Council,

        Defendant.

**ORDER**

This matter is before the court upon the motion for emergency preliminary injunction by plaintiff Michael Fiorito. Based on a review of the file, record, and proceedings herein, the court finds that injunctive relief is not warranted.

**BACKGROUND**

Fiorito argues that he is entitled to preliminary injunctive relief requiring defendant Metropolitan Council[1] to (1) immediately repair all elevators and escalators at the Lake Street Midtown transit station, (2) provide accessible transportation during the repair period, and (3) retain an independent "elevator/escalator contractor under court supervision. This requested relief is based on his allegations that the escalators and elevators at the station were inoperable on March 19, 20, and 24, 2025, which prevented him

---

[1] Metro Transit, a division of defendant Metropolitan Council, operates public transportation in the Twin Cities and the transit station at issue here.

– a disabled individual – from accessing public transportation and caused him to miss appointments and to incur $48 in ride-share costs.[2] He also claims that an inspection report, which he did not provide to the court, indicates that the elevators were inoperable 42% of the time in 2024. He contends that these allegations support a finding that defendant violated the Americans with Disabilities Act (ADA), the Rehabilitation Act, and the Minnesota Human Rights Act (MHRA).

## DISCUSSION

A preliminary injunction is an extraordinary remedy, and the movant bears the burden of establishing its propriety. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). The court considers four factors in determining whether a preliminary injunction should issue: (1) the likelihood of the movant's ultimate success on the merits, (2) the threat of irreparable harm to the movant in the absence of relief, (3) the balance between the harm alleged and the harm that the relief may cause the non-moving party and (4) the public interest. Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). No single factor is determinative. Id. at 113. Instead, the court

---

[2] Fiorito also claims that he sustained physical injury after falling "due to forced stair use" on May 28, 2024, and August 25, 2024. ECF No. 34. He cites to his affidavit for support, but there is no such affidavit on file.

2

considers the particular circumstances of each case, remembering that the primary question is whether the "balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Id.

## I. Likelihood of Success on the Merits

The court first considers the "most significant" Dataphase factor: the likelihood that the movant will prevail on the merits. S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

To prevail on his claims under the ADA, Rehabilitation Act, and the MHRA, Fiorito must show that he: 1) is a person with a disability as defined by statute; 2) is otherwise qualified for the benefit in question; and 3) was excluded from the benefit due to discrimination based on his disability. Randolph v. Rodgers, 170 F.3d 850, 858 (8th Cir. 1999); see also 29 F.4th 399, 403-04 (8th Cir. 2022) (noting that ADA, Rehabilitation Act, and MHRA claims are analyzed under the same standard). Fiorito has not met this standard.

First, Fiorito has not provided any evidence establishing that he has a disability within the meaning of the statutes at issue. Second, he has failed to submit any evidence showing that he has been discriminated against based on his claimed disability. He argues that defendant violated his rights by failing to have operational escalators and elevators at the Lake Street transit

3

station but has provided no documents to that effect. He points to his affidavit and an inspection report, but neither have been filed with the court. In contrast, defendant has provided evidence belying Fiorito's claims that the escalators and elevators were inoperable on May 28, 2024, August 25, 2024, March 19, 2025, March 20, 2025, and March 24, 2025. See Hultberg Decl. ¶¶ 9-10. As a result, the court cannot conclude that Fiorito is likely to succeed on the merits of his claim.

## II. Irreparable Harm

To establish irreparable harm, "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Iowa Utils. Bd. v. F.C.C., 109 F.3d 418, 425 (8th Cir. 1996). "A mere possibility of irreparable harm is not enough" to issue an injunction. Superior Edge, Inc. v. Monsanto Co., 964 F. Supp. 2d 1017, 1046 (D. Minn. 2013). "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 319 (8th Cir. 2009).

Fiorito argues that he will suffer irreparable harm if he is not granted relief because he has already suffered physical injury due to the claimed discrimination and because his inability to access public transportation constitutes "irreparable harm per se." As to the latter, Fiorito cites to a case – Disabled Patriots

4

v. Mid-States Ent., 902 F.3d 815, 823 (8th Cir. 2018) – in support of his position.  Despite searching diligently, the court is unable to locate that case or any case supporting the proposition as stated by Fiorito.  Further, Fiorito's past alleged injury is insufficient to establish irreparable harm given that monetary damages would serve as adequate compensation for such injury.  He has also failed to establish that there are ongoing barriers to his use of transit services.  As a result, Fiortio has not established the irreparable harm necessary to warrant an injunction.

Because Fiorito has failed to establish the two most critical Dataphase factors – likelihood of success on the merits and irreparable harm - the court need not consider the remaining factors.

Accordingly, **IT IS HEREBY ORDERED that** the motion for preliminary injunction [ECF No. 34] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 21, 2024          /s David S. Doty
                              David S. Doty, Judge
                              United Stated District Court

5