UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Fiorito, | Case No. 25-cv-213 (DSD/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Metropolitan Council, | |
| Defendant. | |

This matter is before the Court on Plaintiff Michael Fiorito's *Renewed Motion for Appointment of Counsel to Represent Proposed Class* ("Motion for Appointment of Counsel") (ECF No. 66) and *Motion to Compel Preservation of Evidence and for Sanctions for Spoliation* ("Motion to Compel") (ECF No. 70). Mr. Fiorito is a pro se litigant with a variety of physical maladies that limit his mobility (*see* ECF No. 1-1 at 5). He claims that on several occasions from March-May 2024, Defendant Metropolitan Council ("Metro Transit") failed to adequately maintain the elevators and escalators at the Lake Street/Midtown light rail station ("Lake Street Station") to ensure that he could safely access the station. (*See id.* at 6.) He is suing Metro Transit for violations of the Americans with Disabilities Act, the Rehabilitation Act, and the Minnesota Human Rights Act. (*See id.* at 15-17.) Mr. Fiorito's Motion for Appointment of Counsel asks the Court to appoint counsel for a proposed class of "low-income minority and disabled residents in Minneapolis's Lake Street/Midtown corridor." (*See* ECF No. 66 at 1.) His Motion to Compel asks the Court to compel Metro Transit "to preserve all remaining video evidence" from the Lake Street Station and to levy sanctions for Metro Transit's failure to preserve video evidence from February 1, 2024 to May 1, 2025. (*See* ECF No. 70 at 2.) For the reasons stated below, the Court denies both motions.

I.    **Motion for Appointment of Counsel**

Ordinarily, there is no statutory right to appointed counsel in civil cases, *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013), and appointment of counsel is a matter within the Court's discretion, *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). This case is unique, however, insofar as Mr. Fiorito asks the Court to appoint class counsel pursuant to Federal Rule of Civil Procedure 23(g) (*see* ECF No. 66 at 1). Rule 23(g) mandates the appointment of counsel in class action cases. Fed. R. Civ. P. 23(g)(1). The problem with Mr. Fiorito's request is that Rule 23(g) only applies *after* a court has certified a class. *Id.* Because the Court has not certified a class in this case, Rule 23(g) does not apply.

Indeed, the Court dismissed Mr. Fiorito's class action claims because, as a pro se litigant, he cannot prosecute class action claims. (*See* ECF No. 49 at 2, 4.) To the extent Mr. Fiorito believes Rule 23(g) provides a cure for this deficiency, he is mistaken. Rule 23(g)'s mandate contemplates the appointment of an attorney or attorneys "who have sought appointment." Fed. R. Civ. P. 23(g), Advisory Committee Note to 2003 amendment. It is not a vehicle for pro se litigants to demand that a court conscript counsel to save their class action claims. *See Lamar v. Randle*, No. 4:24-CV-17 (BSM/JTK), 2024 WL 4546092, at *2 (E.D. Ark. July 24, 2024) (denying pro se litigant's Rule 23(g) motion for appointment of counsel); *Jackson v. Dayton*, No. 15-CV-4429 (WMW/JJK), at *1 (D. Minn. Mar. 22, 2016) (same). Additionally, the Rule gives weight to the work that attorney candidates for class counsel have already performed, which suggests that class counsel ought to have been involved in the litigation before they seek appointment. *See* Fed. R. Civ. P. 23(g)(1)(A). Mr. Fiorito needs to retain counsel himself if he wishes to pursue class action claims; he cannot put the cart before the horse. For these reasons, the Court denies his Motion for Appointment of Counsel.

## II. Motion to Compel

Mr. Fiorito's Motion to Compel asks the Court to order Metro Transit to preserve all video evidence from the Lake Street Station from February 1, 2024 to May 1, 2025, and to sanction Metro Transit with an adverse-inference instruction for any such evidence that it may have deleted. (*See* ECF No. 70 at 1-2.) Metro Transit argues that the Court should deny the Motion because: (1.) Mr. Fiorito failed to satisfy the Court's meet and confer requirement (*see* ECF No. 84 at 4-5); (2.) Metro Transit lacked notice of any preservation obligation for most of the data Mr. Fiorito seeks (*id.* at 5-6); (3.) preservation of the evidence would be unreasonably burdensome on Metro Transit (*id.* at 6-8); and (4.) Mr. Fiorito has failed to show that any deletion of evidence warrants sanctions (*id.* at 8-10). The Court denies Mr. Fiorito's Motion on the merits.[1]

"A party has an obligation to take *reasonable* steps to preserve evidence once it knows or should know that the evidence is relevant to current or future litigation." *Fair Isaac Corp. v. Fed. Ins. Co.*, No. 16-CV-1054 (WMW/DTS), 2020 WL 9179259, at *3 (D. Minn. May 15, 2020) (emphasis added). This obligation applies to "unique, relevant evidence," not "every shred of paper, every e-mail or electronic document and every backup tape." *Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 226, 232-33 (D. Minn. 2019).

Mr. Fiorito Motion seeks an unreasonable amount of discovery that is disproportionate to the

---

[1] The Court does not deny the Motion to Compel on the ground that Mr. Fiorito failed to meet and confer with opposing counsel because Mr. Fiorito filed the motion before the pretrial conference. (*See* ECF Nos. 70, 74.) The Court agrees with Metro Transit that Mr. Fiorito's failure to meet and confer with defense counsel before he filed his Motion to Compel is problematic. Though Mr. Fiorito is a pro se litigant, it strains credulity to believe Mr. Fiorito was unaware of the meet-and-confer requirement given the number of lawsuits he has previously litigated in this District. However, since Mr. Fiorito is not an attorney and there is no conclusive record in this case that he knew about the requirement, the Court will give him the benefit of the doubt *this time only*. Mr. Fiorito should not expect to receive a similar accommodation in the future. During the pretrial conference and in its Pretrial Scheduling Order (ECF No. 74), the Court explicitly warned Mr. Fiorito that any future motions filed without satisfying this rule will be denied summarily.

needs of the case. Mr. Fiorito's claims stem from his personal use of the Lake Street Station. (*See* ECF No. 1-1 at 5-10.) His Complaint identifies a small handful of specific dates and instances when his use of the Station was limited due to Metro Transit's alleged misconduct. (*Id.*) Yet, his Motion asks Metro Transit to preserve over a year's worth of video evidence (*see* ECF No. 70 at 1-2), much of which has already been lost because of Metro Transit's standard retention procedures (*see* ECF No. 85 at 2). His demand that Metro Transit preserve such a large quantity of data far exceeding the scope of his claims is unreasonable.

Although video footage from the Lake Street Station during times Mr. Fiorito has yet to identify might potentially be relevant to his claims, this hypothetical possibility is far outweighed by the burden Mr. Fiorito's broad preservation request seeks to impose on Metro Transit. The Lake Street Station has multiple cameras capturing video twenty-four hours a day, seven days a week. (*See* ECF No. 85 at 2.) This footage yields a staggering amount of data. Given the size of the video data, Metro Transit would require an entire business day to download one day's worth of footage from a *single* camera. (*Id.* at 3.) Moreover, the surveillance cameras are supported by a system of servers. Each camera records until the servers run out of space, at which point the camera automatically and continuously records over previous footage. (*Id*. at 2.) To capture the information Mr. Fiorito seeks, Metro Transit would need to turn off the automatic overwrite function of its video storage devices to preserve footage that would otherwise be deleted. But such an action would result in system crashes that would affect multiple light rail stations. (*Id.* at 2-3.) Given these limitations and attendant risks, Mr. Fiorito's demand that Metro Transit preserve 15 months of video footage data is unreasonable.

The Court further finds that an adverse-inference sanction for Metro Transit's automated deletion of the Lake Street Station's video is unwarranted. When data is deleted because of a routine

retention policy, "there must be some indication of an intent to destroy the evidence for the purpose of obstructing or suppressing the truth in order [for a court] to impose the sanction of an adverse inference instruction." *Stevenson v. Union Pacific R. Co.*, 354 F.3d 739, 747 (8th Cir. 2004). Video data from the Lake Street Station is regularly destroyed because Metro Transit's video storage system is not capable of preserving it without risking serious adverse consequences. (*See* ECF No. 85 at 2-3.) There is no evidence in the record to suggest otherwise. An adverse inference sanction is therefore unwarranted.

Mr. Fiorito asserts that defense counsel has known about the relevant video footage since she became an attorney of record, and he impliedly asserts that she had the ability to preserve it. (*See* ECF No. 70 at 2; *see also* ECF No.1, Notice of Removal filed January 17, 2025.) The Court is not convinced. In his Complaint, Mr. Fiorito refers to various episodes when he was unable to safely access the Lake Street Station's services because of broken or poorly designed infrastructure. (*See* ECF No. 1-1.) The last of these events occurred in late September 2024—over three months before defense counsel appeared. (*See* ECF No. 1-1 at 10.) But Metro Transit's standard retention period for its video footage is just 30 days (though sometimes footage is available for a longer period). (ECF No. 85 at 2.) Thus, it is unlikely that any of the video tied to these events still existed by the time defense counsel entered an appearance, or even when Mr. Fiorito filed his Complaint in Minnesota state court on December 1, 2024 (*see* ECF No. 1-1 at 22). Additionally, Mr. Fiorito's letter on May 5, 2025 was the first time he suggested to Metro Transit or its counsel that the video footage may be relevant to this lawsuit. (*See* ECF No. 70 at 1-2.) But by then, most of the huge amount of video footage he asked Metro Transit to preserve had already been deleted, and any limited footage that remained would relate to a time period far removed from the events alleged in the Complaint. (*See* ECF No. 85 at 2-3.) The Court cannot sanction Metro Transit for failing to

preserve evidence that it had no reason to preserve. For all these reasons, the Court denies Mr. Fiorito's Motion to Compel.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Plaintiff Michael Fiorito's Motion for Appointment of Counsel to Represent Proposed Class (ECF No. 66) and Motion to Compel Preservation of Evidence and for Sanctions for Spoliation (ECF No. 70) are **DENIED**.

Dated:  June 10, 2025                    *s/ Dulce J. Foster*
                                         DULCE J. FOSTER
                                         United States Magistrate Judge