# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael Fiorito,                                         Case No. 25-cv-213 (DSD/DJF)

          Plaintiff,

v.                                                       **PROTECTIVE ORDER**

Metropolitan Council,

          Defendant.

This matter is before the Court on Defendant Metropolitan Council's June 23, 2025 letter and Proposed Protective Order (ECF Nos. 89, 90), which the Court construes as a motion for a protective order ("Motion"). Plaintiff's response to Defendant's letter (ECF No. 92) objects to the content of the letter but does not state any objection to the content of Defendant's Proposed Protective Order. Based on Defendant's Motion and Plaintiff's response, having determined that a protective order is reasonable and necessary for the orderly progress of discovery in this case, and based on all the files, records, and proceedings herein, the following shall govern discovery in this action:

1.   **Definitions.**   As used in this protective order:

    a. "attorney" means an attorney who has appeared in this action;

    b. "Confidential Data" means all confidential documents or information revealed or produced by Plaintiff or Defendant during discovery in the above-captioned case, whether in response to a document request, interrogatory, deposition, request for admission, subpoena, or in other proceedings prior to trial and shall include: (1) any personnel information classified as "private," "confidential," or "nonpublic" by the

1

        Minnesota Government Data Practices Act ("MGDPA"), Minn. Stat. ch. 13; (2) medical or other health-related information; and (3) internal documents from the Metropolitan Council classified as "private," "confidential," or "nonpublic" by the MGDPA;

    c. to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    d. "document" means information disclosed or produced in discovery, including at a deposition;

    e. "notice" or "notify" means written notice;

    f. "party" means a party to this action; and

    g. "protected document" means a document protected by a privilege or the work-product doctrine.

2. **Designating a Document or Deposition as Confidential.**

    a. Production of information classified as "not public" under the MGDPA that is otherwise discoverable pursuant to the Federal Rules of Civil Procedure is necessary to permit the Parties to pursue their claims and/or defenses in this lawsuit, and the harm to any potential subjects of the "not public" data can be effectively mitigated by designation of such information as "Confidential" pursuant to the Protective Order. Designating "not public" material as "Confidential" pursuant to the Protective Order shall satisfy the requirements of Minn. Stat. § 13.03, subd. 6, regarding the disclosure of data considered "not public" under the MGDPA.

    b. All documents or information containing Confidential Data shall be designated as "Confidential" by the party seeking to designate the documents ("Designating Party"). If any party wishes to contest such designation ("Objecting Party"), the Objecting Party shall inform the Designating Party—or, if represented, Designating Party's counsel—of its objection to such designation, and the Parties shall attempt to reach agreement concerning the information in question. If the Parties are not able to resolve the dispute, the Objecting Party may bring a motion to the Court challenging the designation. The designation shall remain in effect until the Court makes a ruling on the objection, or until the Parties agree to change the designation.

    c. A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

    d. Deposition testimony may be designated as confidential:

        i. on the record at the deposition; or

        ii. after the deposition, by promptly notifying the Parties and those who were present at the deposition.

    e. If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

3. **Who May Receive a Confidential Document.**

    a. All Confidential Data produced in connection with this matter shall be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever.

b. For the purpose of conducting this litigation, material designated as "Confidential" may be used by, copied by, exhibited to, or disclosed to only the following persons or entities:

   i. the court, the court's staff, and members of a jury;

   ii. an attorney or an attorney's partner, associate, or staff, or contractors of counsel who are directly and necessarily involved in the litigation of this action;

   iii. a person shown on the face of the confidential document to have authored or received it;

   iv. a court reporter or videographer retained in connection with this action;

   v. a party to this action, including management employees of the Metropolitan Council (subject to paragraph 3(c)); and

   vi. any person who:

       1. is retained or consulted to assist a party or attorney with this action; and

       2. signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

          I have read, and agree to be bound by, the protective order in the case captioned *Fiorito v. Metropolitan Council*, No. 25-cv-213, in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

> I declare under penalty of perjury that the foregoing is true and correct.

    vii. Fact witnesses who may be called to give testimony in discovery or at the trial of this action and with whom a party in good faith believes it is necessary to share the Confidential Data in order to prepare this case.

c. Before disclosing "Confidential" material subject to this Order to any authorized person in Paragraph 4(b)(v), (vi), or (vii), the party making such disclosure shall provide each person with a copy of this Order and shall advise each person that they are prohibited from disclosing any such material to any other person. The party shall also inform them that violation of this Order will subject such person to the sanctions of this Court and each such person shall agree to comply with the terms of this Order. Any person, other than the Court or counsel's staff, to whom Confidential Data is disclosed as provided herein shall first be given a copy of this Protective Order and shall first be advised and agree that he or she is subject to its provisions.

d. If a confidential document is revealed to someone not entitled to receive it, the Parties must make reasonable efforts to retrieve it.

e. This Protective Order shall apply with equal force to any and all copies, non-work product notes, summaries, or other compilations and oral recitation of original Confidential Data.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

5.  **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6.  **Use of a Confidential Document in Court.**

    a.  Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with LR 5.6.

        i.  Any documents filed with the Court or Clerk of Court that contain "Confidential" material shall be filed under seal in accordance with the procedures set forth under LR 5.6. The Parties understand that designation by a party, including a third party, of a document as "Confidential" cannot be used as the sole basis for continued sealing. If a party seeks leave to file documents containing Confidential Data not in connection with a motion, the party shall obtain direction from the Court on the procedure to be followed in accordance with Local Rule 5.6(e).

        ii. If a party files documents containing Confidential Data in connection with a motion, such documents shall be filed under temporary seal, and the Parties shall file a Joint Motion Regarding Continued Sealing Form, in compliance with Local Rule 5.6(d).

    b.  Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

   a. Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the Parties agree to change its designation or the court orders otherwise.

   b. Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

   c. Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document after Termination of Litigation.**

   a. Within 60 days after the termination of this action (including any appeals), each party must:

      i. return or destroy all confidential documents; and

      ii. notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

    b. Notwithstanding paragraph 8(a), counsel for any party may retain one complete copy of all records for six years following the final disposition of the case for purposes of defending against any claims for legal malpractice that may arise. After six years, counsel shall destroy the remaining copy.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    a. Notice.

        i. A party or non-party who discovers that they have inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

        ii. A party who discovers that they may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    b. Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10. **Security Precautions and Data Breaches.**

    a. Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    b. No party may upload or otherwise disclose Confidential Data to any generative artificial intelligence platform, such as (but not limited to) ChatGPT.

    c. When accessing Confidential Data, Plaintiff shall either: (1) use his personal, private computer; or (2) if using any public computer (e.g., a computer at a public

library) to access the data, ensure that any Confidential Data is deleted from the computer at the end of each session of use.

    d. A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Production of Electronic Documents.** To the maximum extent feasible, Defendant shall produce documents to Plaintiff in electronic format. In the event it is not feasible to produce a document in electronic format, the Parties shall meet and confer in good faith to find a production format that will allow Plaintiff to view the document.

12. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED.**

Dated: July 1, 2025

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge