# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Michael Fiorito,                                    Case No. 25-cv-213 (DSD/DJF)

    Plaintiff,

v.                                                              **ORDER**

Metropolitan Council,

    Defendant.

This matter is before the Court on Plaintiff Michael Fiorito's *Renewed Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1)* (ECF No. 156) ("Motion"). He argues the Court should appoint counsel for him because: (1.) his claims have merit; (2.) his case is complex; (3.) he cannot investigate the facts or present his case due to physical and mental impairments; (4.) defense counsel purportedly tricked him in a manner that an attorney would have prevented; (5.) this case will go to trial with conflicting testimony and he lacks the capacity to present the case to a jury due to his impairments; and (6.) he has unsuccessfully tried to obtain counsel through various legal aid organizations. (*Id.*)

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier*, 973 F.3d at 889. Having considered these factors, the Court does not believe the appointment of counsel is appropriate.

Mr. Fiorito's arguments to the contrary are not well-founded.  Mr. Fiorito's legal claim is that Defendant Metropolitan Council failed to adequately maintain its elevators at a public transportation stop.  (ECF No. 31 at 9-10.)  This is not a legally or factually complex issue, and his *multitude* of motions, including this one, show he has the capacity to conduct legal research and prosecute his claim.  Mr. Fiorito contends he cannot investigate the facts of his case, but his Amended Complaint, which details various public contracts and public transportation usage statistics, and motions, which cite discovery he has received, demonstrate otherwise.  (*See id.* at 12-18; ECF No. 152.)  He alleges defense counsel tricked him into delaying his 30(b)(6) deposition notice, but this allegation is plainly false.  The communication he cites for this proposition occurred more than a month *after* the deadline for 30(b)(6) deposition notices had passed.  (*See* ECF No. 159 at 22, October 27, 2025 email from defense counsel; ECF No. 100, order setting 30(b)(6) notice deadline as September 24, 2026.)  Mr. Fiorito asserts he needs counsel to present conflicting testimony because this case is going to trial, but that will not be determined until after any dispositive motions are resolved. Finally, Mr. Fiorito argues the Court should appoint counsel because no legal aid group will willingly represent him.  But his inability to find someone willing to take his case is not a factor the Court must consider in deciding to appoint counsel in a civil case.  *See Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (listing factors).  For all the above-stated reasons, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

Dated: April 13, 2026                                  *s/ Dulce J. Foster*
                                                      DULCE J. FOSTER
                                                      United States Magistrate Judge