**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Michael Fiorito,

                Plaintiff,

v.

Metropolitan Council,

                Defendant.

Civil No. 25-cv-0213 (MJD/DJF)

**ORDER REGARDING**
**COURT COMMUNICATIONS**

Plaintiff has filed a letter seeking clarification regarding Defendant's alleged *ex parte* communication with the Court (ECF No. 218).  The Court provides the following information in response.

On January 27, 2026, defense attorney Jennifer Jacobs withdrew from the case.  (ECF No. 136.)  On February 2, 2026, defense attorney Rachel Collins called the undersigned Magistrate Judge's chambers pursuant to L.R. 7.1(b) and orally requested a hearing date in order to file a motion for a protective order.  During the call, she stated that Plaintiff sought to depose Ms. Jacobs. She further stated that Plaintiff had been demanding Ms. Jacobs' personal home address and said she was worried for Ms. Jacobs' safety, thus raising a concern that Plaintiff might visit Ms. Jacobs' home to stalk or otherwise harm her.  The Court later granted the protective order motion without full briefing because the motion for sanctions on which Plaintiff's request to depose Ms. Jacobs was predicated had been denied.  (*See* ECF Nos. 146, 147.)  Defense counsel's reported safety concern did not influence the Court's decision, which was based on the Court's analysis of the factors set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), and the fact that Plaintiff's argument for deposing Ms. Jacobs had become moot.  (*See* ECF No. 147.)

On June 16, 2026, the Court held a hearing addressing, among other things, Defendant's

request for an order that all depositions be taken by video. (ECF No. 216.) Though the Pretrial Scheduling Order already imposed such a requirement (ECF No. 75 at 2),[1] Defendant requested another order on the ground that Plaintiff was insisting on deposing one of his proposed witnesses, Pam Steffen, in person. (*See* ECF No. 183 at 6-7.) Defendant had initially sought deposition restrictions based on Plaintiff's alleged "documented history of threatening individuals with harm." (ECF No. 65 at 4, May 9, 2025 Rule 26(f) Report.) During the hearing, the Court cited Defendant's previously-stated concern about Plaintiff stalking defense counsel and asked whether this asserted safety concern factored into Defendant's objection to taking Ms. Steffen's deposition in person. Defense counsel denied any such continuing concern.

Plaintiff did not respond to Defendant's video deposition request in his written briefing (ECF No. 197) but argued at the hearing that he needed to depose Ms. Steffen in person because he intended to show her a large number of documents. Plaintiff further represented he would make arrangements to take the deposition in a professional setting. Based on Plaintiff's representations, the Court denied Defendant's request and amended its Pretrial Scheduling Order to allow Plaintiff to take Ms. Steffen's deposition in person (ECF No. 216). Though the Court denied Defendant's request and granted Plaintiff all the relief he was seeking, Plaintiff objected to defense counsel's alleged *ex parte* communication with the Court and his letter (ECF No. 218) followed.

The Court makes no determination regarding whether defense counsel improperly communicated to the Court grounds for Defendant's requested protective order that had not been shared with Plaintiff prior to counsel's call to chambers on February 2, 2026. Pursuant to Local Rule 7.1(a) and the Court's Pretrial Scheduling Order (ECF No. 75), parties are required to meet and

---

[1] The Pretrial Scheduling Order's video-only restriction reflected a compromise between Plaintiff's demand for in-person depositions to be taken during limited hours over multiple days and Defendant's demand that all depositions be taken by written questions only. (*See* ECF Nos. 65, 71.)

confer regarding the grounds for any proposed motion in an attempt to negotiate a resolution before they contact the Court.  The Pretrial Scheduling Order further prohibits *ex parte* communications with the Court.  It is unclear whether defense counsel complied with these requirements or not. However, to avoid the possibility of any such occurrence in the future, the Court prohibits both parties from calling the undersigned Magistrate Judge's chambers and directs the parties to send all further hearing requests by email or other written form with copies to the other party.

**SO ORDERED**.

Dated: June 23, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge