**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Michael Fiorito,

Plaintiff,

v.

Metropolitan Council,

Defendant.

Case No. 25-cv-213 (MJD/DJF)

**ORDER**

---

By emails to the Court, Plaintiff requests permission to file a motion for a protective order barring Attorney Rachel Kitze Collins from participating in the deposition of former Metropolitan Council employee Cyrenthia Jordan because Ms. Kitze Collins is an alleged fact witness related to when and how Ms. Jordan received service of the notice of that deposition. Plaintiff acknowledges he has received notice that Ms. Kitze Collins represents Ms. Jordan. Outside counsel's communications with a client regarding this litigation, including any deposition notice, fall within the scope of the attorney-client privilege and thus are beyond the scope of discovery. Moreover, there is no dispute that Ms. Jordan has in fact received such notice, and the Court has extended the discovery deadline so that the deposition can proceed such that any delay has not prejudiced Plaintiff. The proposed pleadings include no allegations regarding these subsequent discovery issues. Therefore, the issues Plaintiff seeks to raise regarding Ms. Kitze Collins have little to no ongoing relevance to these proceedings and fall outside the scope of Rule 26(b). Plaintiff has made repeated attempts to use discovery in this litigation as a means to investigate opposing counsel rather than focusing on the merits of the ADA claims and defenses asserted in the pleadings. These efforts are not well-taken. Plaintiff cannot disqualify opposing counsel from litigating this lawsuit, or participating in any of its proceedings, by accusing her of misconduct. Plaintiff's request is

accordingly denied.

Plaintiff also seeks an order directing that Defendant identify the specific physical address at which the deponent will answer questions at least 24 hours before the deposition begins, in compliance with Federal Rule of Civil Procedure 30(b)(1). Insofar as the deposition is scheduled to take place by videoconference, this request is also denied. Rule 30(b)(1) requires that the parties receive notice of "the time and place" of the deposition, however, this requirement is satisfied if all parties receive notice of the time and web address (Zoom or other video link) where the deposition will proceed online.

Finally, Plaintiff seeks an order confirming that the deposition will begin at 10:00 a.m. Pursuant to the Court's Pretrial Scheduling Order (ECF No. 75), depositions may take up to 7 hours and may take place over the course of two days if necessary to accommodate Plaintiff's request for a limited number of deposition hours in a given day. The Court directs Plaintiff and Defendant to negotiate the hours for Ms. Jordan's deposition within those parameters.

Based on the foregoing, Plaintiff's request for permission to file a contested motion on these issues is denied.

**IT IS SO ORDERED.**

Dated: August 19, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge